UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**BLAS RAMOS BRAVO**,                                    Civil Case No. 3:11-CV-00894-KI

               Petitioner,

                          v.                                    OPINION AND ORDER

**RICK COUSEY**,

               Respondent.


       Nell Brown
       Federal Public Defender's Office
       101 SW Main Street, Suite 1700
       Portland, Oregon  97204

            Attorney for Petitioner

       John R. Kroger
       Attorney General

Jacqueline Kamins
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

       Attorney for Respondent

KING, Judge:

Petitioner, currently an inmate at Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant 28 U.S.C. § 2254.  For the reasons below, I deny his petition [2] and dismiss this proceeding with prejudice.

## FACTS

Petitioner was indicted on one count of Kidnapping in the First Degree, two counts of Assault in the Second Degree, Failure to Perform the Duties of a Driver to Injured Persons, Menacing, Assault in the Fourth Degree, Strangulation, Interference with Making a Report, and Harassment.  The charges arose out of two incidents of domestic violence between petitioner and his girlfriend, Rosa Maria Lizarraga-Perez.  The first event occurred on January 31, 2005 when petitioner beat and strangled Lizarraga-Perez in their home and prevented her from calling the police.  The second event occurred on February 26, 2005 when petitioner and Lizarraga-Perez were sitting in a parked car and started to argue.  Petitioner then forced Lizarraga-Perez into the back seat of the car and drove off wildly while she lay on the seat.  Petitioner crashed the car and ran from the scene while Lizarraga-Perez remained trapped in the car with spinal fractures which resulted in Lizarraga-Perez being hospitalized for several days.

Page 2 - OPINION AND ORDER

Petitioner waived his right to a jury trial.  At the court trial, two nurses and a police officer testified Lizarraga-Perez told them petitioner threatened to kill her during the February 26 incident, just before he began driving.  Lizarraga-Perez testified that petitioner did not make that statement or other threatening statements to her.  The judge found petitioner guilty on all counts and sentenced him to several consecutive and concurrent terms, for a total of 212 months.

Petitioner filed a direct appeal.  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  Petitioner then filed a petition for post-conviction relief.  The judge denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.

Petitioner filed the instant federal habeas corpus petition with three claims, which I describe below.

## DISCUSSION

I.    <u>Post-Conviction Relief Proceedings</u>

Claim Two alleges petitioner received ineffective assistance of post-conviction relief trial counsel for failure to send an investigator to speak to petitioner and failure to call an alibi witness.

Claim Three alleges in part petitioner's constitutional rights were violated when the post-conviction relief court dismissed petitioner's successive petition that attempted to introduce his alibi witness.

Respondent argues Claim Two and the portion of Claim Three concerning petitioner's post-conviction relief proceedings both fail to state a claim because federal habeas relief is not available for alleged errors in the state post-conviction relief process.

A defendant has no constitutional right to an attorney in a state post-conviction relief proceeding. Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546 (1991)). This rule resolves Claim Two's allegations about post-conviction relief trial counsel's failure to send an investigator and failure to call an alibi witness. Furthermore, federal habeas relief cannot address alleged procedural errors in state post-conviction proceedings. Id. This rule resolves Claim Three's allegations about the post-conviction relief court's dismissal of the successive petition through which petitioner attempted to introduce an alibi witness.

Accordingly, habeas relief is not warranted for Claim Two and the portion of Claim Three alleging errors in petitioner's post-conviction relief proceedings.

II.   Errors at Trial

A.   Claim One

Claim One alleges petitioner received ineffective assistance of trial counsel when his attorney did not properly object to the state's three witnesses testifying about the hearsay threat petitioner made in the car to Lizarraga-Perez. Petitioner also claims ineffective assistance of trial counsel concerning hearsay from a fourth witness, failure to call alibi witnesses, failure to send an investigator to speak with petitioner, allowing the state to dispose of the car and possible fingerprint evidence, cross-examination of Lizarraga-Perez, failure to move for acquittal, and sentencing issues.

Respondent contends petitioner procedurally defaulted the claims in Ground One because he failed to raise them on appeal of the post-conviction relief decision.

Page 4 - OPINION AND ORDER

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  Jackson v. Roe, 425 F.3d 654, 657-58 (9th Cir. 2005); 28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by "fairly presenting" his claim to the appropriate state courts at all appellate stages afforded under state law, including a state supreme court with powers of discretionary review.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004).  A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts, and the federal legal theory on which his claim is based.  Cooper v. Neven, 641 F.3d 322, 327 (9th Cir. 2011); Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  O'Sullivan, 526 U.S. at 848; Coleman, 501 U.S. at 735 n.1; Cooper, 641 F.3d at 327; Casey, 386 F.3d at 920.  Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted.  Coleman, 501 U.S. at 729-30; Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003).  Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  Coleman, 501 U.S. at 750 (1991); Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007).

Petitioner concedes he procedurally defaulted the ineffective assistance of counsel claims alleged in Claim One.  His appeal of the post-conviction relief trial only alleged counsel was ineffective for failing to challenge the imposition of attorney fees; it did not address counsel's performance on the issues raised in this habeas proceeding.

However, petitioner seeks to excuse his procedural default on the basis that he is actually innocent.  The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.  Schlup v. Delo, 513 U.S. 298, 327 (1995).  A showing of "actual innocence" under Schlup is not itself a constitutional claim, but rather a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim[s] considered on the merits."  Id. at 315 (internal quotations omitted); Smith, 510 F.3d at 1139-40.

To demonstrate "actual innocence," a petitioner must demonstrate actual, as opposed to legal, innocence.  The Court in Bousley v. United States, 523 U.S. 614, 623-24 (1998), explained:

>     It is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency.  In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make.  Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy.

(Citations omitted).

A petitioner generally must present "new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  Schlup, 513 U.S. at 324; Calderon v. Thompson, 523 U.S. 538, 559 (1998);

Griffin v. Johnson, 350 F.3d 956, 961 (9th Cir. 2003).  The petitioner must demonstrate that, in light of all the evidence (old and new), it is more likely than not that no reasonable juror would have convicted him of the crime.  Schlup, 513 U.S. at 329; Bousley, 523 U.S. at 623; Smith, 510 F.3d at 1140.

The only evidence of innocence petitioner relies on is not new.  He notes that at the post-conviction relief trial, petitioner testified he was not the person who had committed the crimes.  His testimony is insufficient for me to conclude it is more likely than not that no reasonable juror would convict him of the crime if the juror heard petitioner's denial of guilt along with the rest of the evidence.  Thus, petitioner cannot pass through the Schlup gateway of actual innocence for Claim One.

Alternatively, petitioner argues the post-conviction relief process was not effective to protect his rights.  Petitioner might be referring to an issue addressed in Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1320 (2012):

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

For the court to consider the underlying ineffective-assistance-of-trial-counsel claim to be substantial, the petitioner "must demonstrate that the claim has some merit."  Id. at 1813.

Part of Claim One alleges petitioner received ineffective assistance of trial counsel when his attorney did not properly object to the state's three witnesses testifying about the hearsay threat petitioner made to Lizarraga-Perez in the car.  The hearsay issue is one of the two grounds petitioner's post-conviction relief counsel brought forward.  Although the appeal of the post-

Page 7 - OPINION AND ORDER

conviction relief trial did not raise the hearsay issue as an error, Martinez only applies to the initial-review collateral proceeding and not to later proceedings, including the appeal. Id. at 1316.

The non-hearsay allegations of ineffective assistance of trial counsel petitioner alleges in Claim One were not brought to the post-conviction relief court for review. Martinez does not excuse the procedural default, however, because petitioner has filed no materials whatsoever to demonstrate his claim has some merit.

For these reasons, habeas relief is precluded. Petitioner has failed to demonstrate cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice.

B.    Claim Three

Claim Three alleges in part petitioner was denied an investigator, denied copies of fingerprint evidence for independent testing, and denied the fingerprints themselves when the state destroyed the car.

Respondent argues petitioner procedurally defaulted on these portions of Claim Three concerning trial court errors because he did not raise them on direct appeal.

Petitioner would have been aware of these errors at the time of trial and must have raised them on direct appeal. Palmer v. State, 318 Or. 352, 354, 867 P.2d 1368 (1994). On direct appeal, petitioner filed a *Balfour* brief (State v. Balfour, 311 Or. 434, 814 P.2d 1069 (1991)) in the Oregon Court of Appeals arguing no issues in Part B. Petitioner filed a *Balfour* brief in the Oregon Supreme Court arguing several issues in Part B which are difficult to discern: (1) a violation of Blakely v. Washington, 542 U.S. 296 (2004); (2) unspecified ineffective assistance

of trial counsel; (3) prosecutorial misconduct; (4) a biased judge; (5) incorrect evidentiary

rulings; (6) hearsay objections; and  (7) admitting evidence without giving defense counsel

adequate time to review it.

The trial court entered the Judgment on November 2, 2005.  Petitioner had to file his

direct appeal within 30 days of entry of judgment.  ORS 138.071(1).  Petitioner's appellate

counsel met the deadline but did not raise these errors on appeal.  Thus, petitioner has

procedurally defaulted this portion of Claim Three and habeas relief is precluded.  Petitioner has

failed to demonstrate cause and prejudice or that failure to consider the claim will result in a

fundamental miscarriage of justice.

## CONCLUSION

Based on the foregoing, I deny petitioner's habeas corpus petition [2], and I dismiss this

proceeding with prejudice.  Because petitioner has not made a substantial showing of the denial

of a constitutional right, a certificate of appealability is denied.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this _____7th_____ day of May, 2013.


 _/s/ Garr M. King_____
Garr M. King
United States District Judge